FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 13 2011

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| DODY BUSH-RETHERFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1-11-CV-042 SWW |
| ) | |
| S&S RECOVERY, INC., ) | This case assigned to District Judge Wright |
| ) | and to Magistrate Judge Deere |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, DODY BUSH-RETHERFORD, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, S&S RECOVERY, INC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. DODY BUSH-RETHERFORD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Violet Hill, County of Izard, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Lyon College Arkansas (hereinafter, LCA").

6. The debt that Plaintiff allegedly owed LCA was for a loan, the funds of which were used for Plaintiff's education expenses.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. S&S RECOVERY, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Tennessee.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. Upon information and belief, the debt on which Defendant was attempting to collect had been paid in full in or around September 2009.

15. On or about March 14, 2011, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to LCA.

16. The aforesaid correspondence stated that Plaintiff owed a debt to LCA in the amount of $6,049.92.

17. Defendant misrepresented the character, nature and amount of the debt on which it was attempting to collect by representing that Plaintiff owed LCA $6,049.92 given that, upon information and belief, at the time Defendant sent the aforesaid correspondence Plaintiff no longer owed a debt to LCA.

18. The aforesaid correspondence stated "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."

19. On or about March 18, 2011, within thirty (30) days of Plaintiff's receipt of the aforesaid correspondence, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with a duly authorized representative of Defendant.

20. During the telephone call Plaintiff informed Defendant that she disputed the debt on which it was attempting to collect.

21. During the course of the telephone call, Defendant told Plaintiff that she had to pay the debt prior to 5:30 p.m. on that same day, March 18, 2011.

22. Plaintiff informed Defendant that the correspondence she had received from Defendant stated that she had thirty (30) days to dispute the debt.

23. Defendant responded by telling Plaintiff that if she did not pay the debt by the aforesaid time period then it would mark her account that she refused to pay the debt.

24. Defendant further informed Plaintiff that if she did not pay the debt by the aforesaid time period then Defendant would "suggest for additional collections to occur on [Plaintiff's] account."

25. Defendant's representation that it would "suggest for additional collections to occur on [Plaintiff's] account" had the effect of conveying to an unsophisticated consumer that if Plaintiff did not make a payment to Defendant by 5:30 p.m. on that same day, March 18, 2011, then Defendant would file a lawsuit against Plaintiff.

26. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

27. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

28. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

29. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

30. Defendant's representations to Plaintiff, during the aforesaid telephone call, that Plaintiff was obligated to pay the debt on which it was attempting to collect misrepresented the character, nature and amount of the debt that Plaintiff allegedly owed given that, upon information and belief, at the time Defendant made the aforementioned statements Plaintiff no longer owed a debt to Defendant.

31. Defendant's statements as delineated above, caused Plaintiff to believe that if she did not make a payment to Defendant by 5:30 p.m. on that same day then Defendant would file a lawsuit against her relative to the debt on which it was attempting to collect.

32. During the course of the aforesaid telephone call, Plaintiff asked Defendant if it was going to file a lawsuit against her if she did not pay the debt by 5:30 p.m. on that same day.

33. Defendant responded by telling Plaintiff that she could have until Tuesday, March 22, 2011, to pay the debt.

34. Defendant's representation, as delineated above, that Plaintiff could have until March 22, 2011, to pay the debt had the effect of conveying to an unsophisticated consumer that Plaintiff had to pay Defendant by the aforesaid date.

35. Defendant's representation that Plaintiff had to pay the debt by March 22, 2011, overshadowed and obfuscated Plaintiff's right to send a correspondence to Defendant, within thirty (30) days from March 14, 2011, requesting the Defendant provide Plaintiff with documentation to validate the debt on which Defendant was attempting to collect.

36. Defendant further told Plaintiff that by allowing her until March 22 2011, to pay the debt would provide Plaintiff with enough time for her to determine if she owed the debt.

37. Defendant's representation that it would afford Plaintiff enough time for her to determine if she owed the debt on which it was attempting to collect had the effect of conveying to an unsophisticated consumer that it was Plaintiff's responsibility to determine whether the debt on which Defendant was attempting to collect was valid.

38. Defendant's representation, as delineated above, had the effect of conveying to an unsophisticated consumer that Plaintiff did not have the ability to request from Defendant documentation to validate the debt on which it was attempting to collect.

39. During the course of the aforesaid telephone call between Plaintiff and Defendant, Plaintiff reiterated to Defendant that the letter Defendant had sent her informed her that she had thirty (30) days to dispute the debt.

40. Defendant responded by informing Plaintiff that she "already had years to dispute the debt."

41. Defendant further told Plaintiff "you can work with me or you can be stubborn."

42. Defendant's statements, as delineated above, are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

43. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed LCA.

44. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

45. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

46. In its attempts to collect the debt allegedly owed by Plaintiff to LCA, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    g. Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1); and,

    h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

47. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

48. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DODY BUSH-RETHERFORD, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
DODY BUSH-RETHERFORD

By: _____
David M. Marco
Attorney for Plaintiff

Dated: May 10, 2011
David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us